[Crim. No. 1114. First Appellate District, Division Two.—July 18, 1923.]

THE PEOPLE, Respondent, v. CHESTER GRAY, Appellant.

[1] CRIMINAL LAW—VIOLATION OF JUVENILE COURT LAW—EVIDENCE— VERDICT.—In this prosecution for a violation of section 21 of the juvenile court law, in which the defendant was charged with having procured, permitted, and allowed a girl under the age of twenty-one years to visit in and remain in a designated house in a certain city for the purpose of prostitution, while the evidence was conflicting, upon the testimony of the prosecutrix and the police officers the jury was entitled to bring in a verdict of guilty.

[2] ID.—RESPONSIBILITY FOR CONDUCT OF PREMISES—PAYMENT OF BILLS—OWNERSHIP OF FURNITURE — EVIDENCE. — In such prosecution, the evidence introduced by the defense having shown that at the time of the commission of the offense and at the time of the arrest of defendant one of two named persons was responsible for the conduct of the premises in question, the trial court did not

commit error in excluding evidence offered by defendant for the purpose of proving that the gas and electric bills incurred on the premises were charged to a third party and that the furniture on the premises had been purchased by the latter and was being paid for by him upon the installment plan.

[3] Id.—Misconduct of District Attorney—Improper Questions— Instructions.—In such prosecution, the district attorney was guilty of misconduct in asking the defendant if he had not been engaged in the "bootlegging" business at various places mentioned at dates prior to the time of the offense for which he was being tried; but such misconduct will not justify a reversal of a judgment of conviction where the trial court ruled that such questions were improper and afterward instructed the jury to disregard them and not to consider them, and it is not apparent from the record that any prejudice resulted to defendant from such questions.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank M. Carr for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy-Attorney-General, Ezra Decoto, District Attorney, and Earl Warren, Deputy District Attorney, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of conviction of violation of section 21 of the juvenile court law (Stats. 1915, p. 1246). He was charged with having procured, permitted, and allowed a girl under the age of twenty-one years to visit and remain in a designated house in the city of Oakland, State of California, for the purpose of prostitution.

Three assignments of error are made. [1] The one with relation to the insufficiency of the evidence to sustain the verdict and judgment need not be discussed by us further than to say that the evidence was conflicting, but that upon the testimony of the prosecutrix and the police officers, the jury was entitled to bring in a verdict of guilty. Our function ceases with relation to a review of the evidence upon encountering in the record testimony in harmony with the judgment.

[2]  Objection is made to the rulings of the trial court
by which was excluded, upon the objection of the plaintiff,
certain testimony of an employee of the Pacific Gas and Elec-
tric Company and of a furniture dealer.  By the testimony
of these witnesses it was sought to be shown by the defense
that the gas and electric bills incurred on the premises in
question were charged to one William Canty, and that the
furniture on said premises at the time of defendant's arrest
had been purchased by said William Canty and was being
paid for by him upon the installment plan.

A statement of certain facts appearing in the record will
demonstrate that the testimony excluded was entirely imma-
terial and its exclusion, therefore, could not have prejudiced
the defendant.  Defendant introduced testimony to the effect
that the premises in question were rented about March 1,
1922, by William Canty.  The defendant was arrested on or
about May 6, 1922.  He stated that he had rented a room
in the house from Canty some time the latter part of March.
He also testified: "Q. During the time that you were there,
from the last week of March up until the time of your ar-
rest, the seventh day of May, 1922, did Mr. Canty remain
there all the time?  A. No, he was there part of the time.
Q. Yes, sir.  Was he there at the time of the arrest?
A. No, sir.  Q. Did anyone else aside from Mr. Canty have
charge of those premises after you went there?  A. Yes, sir.
Q. Who else did?  A. Why, a party by the name of Schultz
come in there about ten days after I come in with his wife,
and had charge of the property up until the day of the ar-
rest.  Q. Up until the day of the arrest?  A. Yes, sir.
Q. And on the day of the arrest, who took charge of the
premises?  A. A party by the name of Whitey.  Q. And he
was there at the time of the arrest by the officers?  A. Yes,
sir.  Q. Was anything said by the officers as to who was in
charge of the premises at the time of the arrest on May 7,
1922?  A. Mr. Whitey told Mr. Canning himself that he was
in charge at the time he took me."

Neither Mr. Canty, Mr. Schultz, nor Mr. Whitey, the per-
sons alleged to have been in charge of the premises, suc-
cessively, were produced as witnesses, but it is apparent that
if the testimony of the defendant had been accepted as true
by the jury, either Whitey or Schultz and not Canty would

have been responsible for the conduct of the premises at the time the offense was committed and Canty's original connection with the house would have been immaterial. The testimony of the defendant was aided by the testimony of one of his witnesses, Corato, with reference to the responsibility of Schultz and Whitey for the conduct of the premises at the time of defendant's arrest. In view of this contention and this testimony by the defendant and his own witness, it becomes unimportant who originally purchased the furniture for the premises or in whose name the gas and electric service was being obtained, as it was not contended that Canty was in charge of the premises at the time of the arrest, which occurred a few moments after the offense. The objection, therefore, is without significance upon this appeal.

[3] The only other objection made is with reference to alleged misconduct of the district attorney. It is contended that the district attorney was guilty of misconduct in asking the defendant if he had not been engaged in the "bootlegging" business at various places mentioned at dates prior to the time of the offense for which he was being tried. It is evident that these questions were improper and the court so ruled and afterward instructed the jury to disregard them and not to consider them. In the excitement of a contest in the trial court, it often happens that a district attorney, through overzealousness on behalf of the people, attempts to bring before a jury matters which the settled rules of evidence exclude. This is to be regretted and in cases where it is evident from a perusal of the entire record that justice has not been done or that the defendant has been prejudiced by such efforts of the prosecutor, judgments will be reversed for these reasons. But in the instant case, it is not apparent that any prejudice has resulted to the defendant from the questions complained of. The jury could not have convicted the defendant under the instructions of the court unless it believed the story of the prosecutrix and the testimony and matters appearing in the record which corroborated her, and if the jury believed that story, it is evident that the conduct of the district attorney did not influence the result. Furthermore, the direction of the court with reference to the conduct complained of must be deemed to have cured the error.

What we have just said applies with equal force to the other assignments of misconduct on the part of the district attorney.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.